UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMANUELA E. NEGRESCU,<br><br>*Plaintiff*,<br><br>v.<br><br>TRUSTEES OF TUFTS COLLEGE,<br><br>*Defendant*. | Civil Action No. 1:20-CV-10886-RWZ |

## PROTECTIVE ORDER

Plaintiff Emanuela E. Negrescu ("Plaintiff") and Defendant Trustees of Tufts College ("Defendant") (collectively, the "Parties") jointly agree to the terms set forth herein and move for a protective order memorializing them.

WHEREAS Plaintiff has brought claims against Defendant alleging, without limitation, that Defendant engaged in a pattern and practice of disability discrimination against Plaintiff while she was a student at Tufts University School of Dental Medicine, which Defendant wholly denies.

WHEREAS the Parties seek discovery into potentially confidential and/or otherwise sensitive information which includes but is not limited to information concerning medical information and/or medical records, financial information, and information relating to persons who are not parties to this lawsuit (for example, without limitation, patients and former patients, students and former students, employees and former employees), and such information may include, without limitation, information relating to patient health-related matters, students' educational records, and/or personnel records of employees, and/or other personally identifiable information).

1

WHEREAS the Parties have agreed to the terms expressed herein in order to expedite discovery and ensure the confidential exchange of potentially relevant information.

NOW, THEREFORE, the Parties agree and stipulate as follows:

**1. Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all responses to subpoenas, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" designation. Documents shall be designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" prior to, or at the time of, the production or disclosure of the documents. The designation "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection, by statute or otherwise, except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER.** Either party may designate documents as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," but only after review of the documents by an attorney (or the attorney's paralegal) who has in good faith determined that the documents contain information protected from disclosure by statute and/or, privilege, or that should otherwise be deemed confidential information and therefore protected from disclosure, as outlined below. The

designation shall be made consistent with the requirements for good cause and narrow tailoring under applicable Federal and Local rules.

For the purposes of this Order, the Parties anticipate that the following information is "Confidential Information" that generally would be proper for either Party, if it desires, to designate as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER": social security numbers, bank account and other financial and tax records, medical information and/or medical records (regardless of whether such records are produced by Plaintiff or Defendant or pursuant to a third party subpoena), information relating to persons who are not parties to this lawsuit (for example, without limitation, patients and former patients, students and former students, employees and former employees), and such information may include, without limitation, patient health-related matters, students' educational records, and/or personnel records of employees, and/or other personally identifiable information, and regardless of whether such information is produced by a party or pursuant to a third party subpoena.

4. **Depositions.** Deposition testimony shall be deemed "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" only if designated as such. Such designation shall be specific as to the portions of the deposition testimony to be designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER." Thereafter, those portions so designated shall be protected as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pending proper objection under the terms of this Order.

5. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to

3

prosecute or defend this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any document(s) designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" to any third-party individual or third-party entity except as set forth in subparagraphs (1)-(7) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER":

> **(1) Counsel.** Counsel for Plaintiff and counsel for Defendant (including outside counsel and inside counsel for Defendant) and employees and staff working with counsel who have responsibility for, or have a role in, the litigation or prosecution of this action.
>
> **(2) Parties**. The Parties to this action, Plaintiff Emanuela E. Negrescu, and Defendant, Trustees of Tufts College, and designated representatives of Defendant, provided that if said designated representatives are not persons described in section 5(b)(1), *Counsel*, above, then they will complete the certification contained in "Attachment A" entitled Acknowledgment of Understanding and Agreement To Be Bound.
>
> **(3) Witnesses.** Witnesses called in the course of the litigation to testify at either a trial, a hearing or a deposition, and in preparation for their participation at such event, but only after they have completed the certification contained in "**Attachment A**" entitled Acknowledgment of Understanding and Agreement To Be Bound.
>
> **(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.
>
> **(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents, organizing documents or processing documents but only after each such person has completed the certification contained in "**Attachment A**" entitled "Acknowledgment of Receipt and Understanding of Protective Order".
>
> **(6) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in "**Attachment A**", entitled "Acknowledgment of Receipt and Understanding of Protective Order".

4

**(7) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed to or ordered by the Court. All such persons shall execute the certification contained in **Attachment A**" entitled "Acknowledgment of Receipt and Understanding of Protective Order".

**(c) Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom, whichever is later.

**(d) Copies.** Prior to production to the other party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6. Filing of "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" Documents.** In accordance with the STANDING ORDER RE: FILING OF CONFIDENTIAL DOCUMENTS, in cases before Judge Zobel, the Parties hereby include the following provision set forth by Judge Zobel:

5

**Filing of Confidential Documents:**

If a recipient of Confidential information (the "Receiving Party") seeks to file documents designed as Confidential Information or which contain information so designated, it shall provide at least 48 hours notice of its intention to do so to the party that designated that information as Confidential information (the "Designating Party"). This Notice shall detail precisely which documents the Receiving Party seeks to file. The Receiving Party and Designating Party shall then meet and confer, within the next 24 hours, to discuss whether the Receiving Party objects to the public filing of each document, and, if it does, whether a compromise can be reached (e.g., filing only excerpts of the document or filing a redacted version of the document). This shall be a substantive, not pro forma, meet and confer, and counsel with substantial decision-making authority for both parties shall be present. If any disputes remain after this meet and confer, the Receiving Party shall file any documents for which there is no dispute publicly, along with redacted copies of documents for which there is a dispute. The Receiving Party shall also contemporaneously file a joint motion for leave to file under seal only the documents for which a dispute remains. For each such document, the motion shall describe (1) the general nature of the Confidential Information, (2) why the Confidential Information is necessary to the filing, (3) why the Receiving Party objects to public disclosure of Confidential Information (specifically addressing the standard for sealing), (4) which counsel were present at the meet and confer, and (5) what compromises were discussed in the meet and confer. The Receiving Party shall also lodge with the court a CD containing electronic copies of unredacted versions of the documents no later than 12:00 P.M. (Boston time) on the business day following the filing of the motion for leave to file under seal. The unredacted versions must indicate, by highlighting or other clear method, the portions of the documents that have been omitted from the redacted versions, and prominently display the notation UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED. The parties shall not file paper copies of unredacted versions until a motion for leave to file under seal is allowed. If the court denies a motion for leave to file a document under seal, the Receiving Party may immediately file it in the public record without contravening this Protective Order.

Also, per Judge Zobel's Standing Order, the Parties recognize that the court will not allow a motion for leave to file a sealing motion under seal.

### 7. Obligations upon Conclusion of Litigation.

(a) **Order Remains in Effect.** Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

6

(b) **Return of "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" Documents.** Upon request of the Designating Party or the producing party after dismissal or entry of final judgment not subject to further appeal, all documents designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" under this Order, including all copies as defined in ¶5(d), shall be returned to the Designating Party or the producing party or destroyed unless: (1) the document (including, but not limited to, documents bearing the notations, summations, or other mental impressions of the Receiving Party) is maintained confidentially in counsel's hard drive; (2) has been offered into evidence or filed without restriction as to disclosure; (3) the Parties agree to destruction in lieu of return; (4) the information has entered the public domain through no fault of the Receiving Party or anyone it disseminated confidential information to; or (5) the document (including, but not limited to, documents bearing the notations, summations, or other mental impressions of the Receiving Party) existed in the records of the Receiving Party prior to receipt of it marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER".

**8. Order Subject to Modification.** This Order shall be subject to modification by the Court upon its own motion or upon motion of a party. Notwithstanding, all deadlines outlined herein may be modified by written agreement of the Parties.

**9. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" by counsel or the Parties are subject to protection until such time as the Court may rule on a specific document or issue.

**10. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel, their law firms, the Parties, persons, and corporate entities made subject to this Order by its terms.

**11. Order Does Not Waive Certain Objections.** Nothing in this Order shall be considered a waiver of a party's rights to object to the production of discovery on the grounds of privilege, work product, and/or relevance and/or to the extent the discovery exceeds the scope of this litigation.

*So Ordered.*

Dated: October 27, 2021        _Ryan Zobel_

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMANUELA E. NEGRESCU,<br><br>*Plaintiff,*<br><br>v.<br><br>TRUSTEES OF TUFTS COLLEGE,<br><br>*Defendant.* | Civil Action No. 1:20-CV-10886-RWZ |

### Acknowledgment of Receipt and Understanding of Protective Order

The undersigned hereby acknowledges that he/she has: (1) read the Protective Order allowed by Judge _____ in the above-captioned action and attached hereto, (2) understands the terms thereof, and (3) agrees to comply with its terms. The undersigned understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or entity.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
           Signature

9

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 14th day of September 2021.

/s/ Todd J. Bennett
Todd J. Bennett