UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMANUELA E. NEGRESCU,<br><br>    *Plaintiff*,<br><br>    v.<br><br>TRUSTEES OF TUFTS COLLEGE,<br><br>    *Defendant.* | Civil Action No. 1:20-CV-10886-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S [*UNOPPOSED*] MOTION FOR AN ORDER REQUIRING DEFENDANT'S DISCLOSURE OF EDUCATIONAL RECORDS IN ACCORDANCE WITH THE PROTECTIVE ORDER PREVIOUSLY APPROVED BY THIS COURT**

Plaintiff in the above-captioned matter, Emanuela E. Negrescu ("Plaintiff" or "Ms. Negrescu") hereby submits this memorandum of law in support of Plaintiff's [*Unopposed*] Motion for an Order Requiring Defendant's Disclosure of Educational Records in Accordance with the Protective Order Previously Approved by This Court on or about October 27, 2021. As grounds for this Motion, Plaintiff states that:

1. Plaintiff has brought claims of disability discrimination and retaliation, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et. seq.,* against Defendant Trustees of Tufts College ("Tufts" or "Defendant"). Specifically, Plaintiff alleges, in relevant part, that she suffered adverse action at the hands of the Defendant which other, non-disabled students did not suffer. See Plaintiff's Compl. at ¶¶ 14-73. Defendant denies the allegations.

2. Plaintiff served on Defendant discovery requests which consisted of document requests, interrogatories and requests for admissions, and has noticed depositions. Plaintiff's discovery requests (and anticipated questions at depositions) seek information related to:

reasonable accommodations granted to other Tufts University School of Dental Medicine ("TUSDM") students, clinical procedures performed by non-disabled TUSDM students, and any disciplinary accusations and/or sanctions imposed on non-disabled TUSDM students who engaged in the same or similar conduct to that which Plaintiff is alleged to have engaged in.

3. Defendant's discovery production includes numerous documents that contain references to information that may be deemed to constitute "educational records" of TUSDM students as defined by 20 U.S.C. §§ 1232g (a)(4)(A) & (B), and accordingly would be information that is protected pursuant to the Family Educational Rights and Privacy Act ("FERPA"), and was redacted by Defendant due to Defendant's objections based on student privacy concerns. See 20 U.S.C. § 1232g (LEXIS 2021); see also 39 C.F.R. § 99.30 (LEXIS 2021). Defendant anticipates that as discovery continues, there will be additional documents to produce, as well as answers to discovery requests, deposition testimony and other discovery, mediation/settlement negotiations, as well as trial testimony during the course of this litigation, that reference and/or contain information protected by FERPA.

4. In addition, portions of information in Defendant's responses to discovery (to date and going forward as discovery continues) and the information disclosed as the case proceeds to mediation/settlement negotiations and/or trial contain (or will contain) not only FERPA-related objections, but also objections based on grounds other than FERPA.

5. Defendant has acknowledged that it would be able to supplement its document production to include, *without redactions*, documents containing student information that were redacted based only on a FERPA related objection, subject to its obligations under FERPA and in accordance with a judicial order as authorized by 34 C.F.R. § 99.31(a)(9)(i) (LEXIS 2021).

6.      Specifically, Plaintiff requests that this Court issue an order in the form presented as the **[*proposed*]** Order that is submitted herewith.

7.      A FERPA-compliant order ("Order") would serve to facilitate the litigation of this matter (including the discovery process, mediation/settlement negotiations, and/or trial) and also alleviate the need for Defendant to obtain consent from all current and former students prior to producing their educational records in accordance with FERPA, although Defendant still is to make reasonable efforts to notify impacted students of the intended disclosure to be made pursuant to a judicial order and provide them with a reasonable period of time to object to such disclosure.  See 34 C.F.R. §§ 99.30 and 99.31(LEXIS 2021); see also 20 U.S.C. § 1232g (LEXIS 2021).

8.      The Protective Order previously approved by this Court on or about October 27, 2021 would remain in effect and would not be changed due to the allowance of this Motion.

## PROCEDURAL BACKGROUND

On April 30, 2021, Plaintiff served upon counsel for Defendant discovery requests which consisted of document requests, interrogatories and requests for admissions. The parties, who were in the process of collaborating on a draft protective order, agreed to postpone their exchange of documents until after the protective order had been approved by the Court.  Following the issuance of a protective order by Judge Zobel on or about October 27, 2021, the parties agreed to exchange documents on November 19, 2021. After reviewing Defendant's first production of documents ("First Production"), Plaintiff contacted Defendant's counsel inquiring about redactions Defendant had made prior to producing the documents to Plaintiff.

On December 3, 2021, Plaintiff received a letter from Defendant's counsel which stated in relevant part:

> "In response to Plaintiff's Document Requests, Tufts produced communications and documents from multiple custodial accounts, including custodians who are current or former administrators and professors at Tufts University School of Dental Medicine ("TUSDM"). As a result, much of the information produced in response to the broad requests by Plaintiff references the names of other current or former TUSDM students, contains confidential information and education records, such as grades, exam results, and other academic issues. These education records are protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"). See 20 U.S.C. § 1232g; see also 34 C.F.R. § 99.30."

In that same letter, counsel for Defendant confirmed that should Plaintiff wish to seek Court intervention to compel the release of the redacted educational records, and the Court's order complied with the applicable exception(s) enumerated in the FERPA regulations, Defendant would supplement its First Production to include un-redacted copies of the documents redacted due to only a FERPA-related objection in accordance with its obligations under judicial order of this Court and FERPA. See 20 U.S.C. § 1232g (LEXIS 2021); see also 34 C.F.R. § 99.30 (LEXIS 2021).

## ANALYSIS

FERPA does not create an independent privilege for educational records. Instead, educational records are recognized as confidential records which may be produced under very specific circumstances, including pursuant to a FERPA-compliant court order. See Gaumond v. Trinity Repertory Co., 909 A.2d 512, 517–19 (R.I. 2006) (holding that FERPA and state law did not create an educational records privilege); see also D.L. v. Unified Sch. Dist. # 497, 270 F.Supp.2d 1217, 1244 (D. Kan. 2002), aff'd in part, vacated in part on other grounds, 392 F.3d 1223 (10th Cir. 2004) ("The regulation at issue [34 C.F.R. § 99.31(a)(9)(i)] clearly provides that otherwise confidential information may be disclosed pursuant to court order").

Courts have authorized the disclosure of educational records in cases where the party seeking the records satisfactorily demonstrates that her need for the information outweighs any privacy interests of students who are not parties to the litigation. See Jun Yu v. Idaho State

4

Univ., No. 4:15-cv-00430-REB, 2017 U.S. Dist. LEXIS 45928, at *4 (D. Idaho Mar. 27, 2017); see, e.g., Craig v. Yale Univ. Sch. of Med., No. 3:10 CV 1600 (JBA), 2012 U.S. Dist. LEXIS 62902, at *2 (D. Conn. May 4, 2012) (court allowed discovery of names and personnel files of all medical school residents in the OB/GYN Residency Program who were subjected to discipline or performance improvement plans in plaintiff's case for discrimination on the basis of race and color). In cases involving claims of disparate treatment, courts have not only found that educational records comparing the treatment of students in the same degree programs, during the same time frame as a plaintiff are relevant, but have also confirmed that a plaintiff's need for records which support his/her allegation(s) that an educational institution "engaged in a practice of disparate discipline of…students" based upon their membership in a protected class, sufficiently outweighed third party students' privacy interests. Jun Yu at * 5 quoting Davids v. Cedar Falls Cmty. Sch., No. C-96-2071, 1998 WL 34112767, at *3 (N.D. Iowa Oct. 28, 1998). In this particular instance, the documents (and specifically, the redacted information) sought by Plaintiff may prove critical to both Ms. Negrescu's prima facie case and Defendant's proffered affirmative defenses. Without access to un-redacted discovery, Plaintiff will be irreconcilably prejudiced. Further, since the parties have already entered into a protective order approved by this Court, which expressly prohibits the unauthorized disclosure of any student record(s), the privacy interests of any third party student(s) are adequately protected. (A true and accurate copy of Judge Zobel's Order is attached hereto as "**Exhibit A**").

The overall scope and complexity of this case also supports the issuance of a judicial order permitting the disclosure of educational records in order to constrain the burden and expense in producing the proposed discovery on the Defendant. FERPA requires an educational institution like TUSDM to obtain the written consent of every current student and/or former

5

student (or, where applicable, a parent or legal guardian) prior to releasing his/her educational records. See 34 C.F.R. §§ 99.30 and 99.31 (LEXIS 2021); see also 20 U.S.C. § 1232g (LEXIS 2021). However, once a subpoena or judicial order has been lawfully issued, FERPA regulations only require that the "institution make[s] a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action". 34 C.F.R. §§ 99.31(a)(9)(i) and (ii) (LEXIS 2021). In Browning v. Univ. of Findlay Bd. of Trs., the court concluded that the "reasonable notice" requirement outlined in 34 C.F.R. § 99.31 (a)(9)(i) and (ii) was adequately satisfied when the university provided "notice to students currently enrolled…by sending email correspondence to their assigned [school] email address…[and]…to former students by sending email correspondence to their assigned [school] email address, if any; by sending email correspondence to any other known email address(es) maintained in the [school's] database; or by sending regular mail to the former student's last known address." Browning, at No. 3:15-cv-02687-JGC, 2016 U.S. Dist. LEXIS 100294, at *4 (N.D. Ohio, July 30, 2016). Absent the issuance of the Order sought by Plaintiff in the instant motion, Defendant would be required to affirmatively obtain the written consent of every current and former TUSDM student whose educational records were responsive to Plaintiff's requests for documents prior to releasing the records to Plaintiff. Such action is onerous to the Defendant and serves no other purpose but to prolong the discovery process and unduly delay any ultimate resolution of this case. Conversely, should this Court grant Plaintiff's Motion, Defendant would only be required to provide reasonable notice to current and former TUSDM students and then wait a reasonable period of time, which in some instances has been as short as 14 days, to receive any objection(s) from the students it notified, prior to furnishing the un-redacted information and/or documentation to Plaintiff. See generally Browning at * 1.

## CONCLUSION & REQUEST FOR RELIEF

In accordance with 34 C.F.R. § 99.31 (a)(9)(i), Plaintiff respectfully moves this Court to enter the [*proposed*] Order attached to Plaintiff's [Unopposed] Motion for an Order Requiring Defendant's Disclosure of Educational Records in Accordance with the Protective Order Previously Approved by This Court.

Respectfully submitted,<br>
EMANUELA E. NEGRESCU, Plaintiff<br>
By her attorneys,

Dated:  January 7, 2022          /s/ Jillian M. Guilfoyle
Todd J. Bennett (BBO# 643185)
*tbennett@bennettandbelfort.com*
Craig D. Levey (BBO# 681531)
*clevey@bennettandbelfort.com*
Jillian M. Guilfoyle (BBO# 693493)
*jguilfoyle@bennettandbelfort.com*
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 7th day of January, 2022.

/s/ Jillian M. Guilfoyle
Jillian M. Guilfoyle